UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL E.,[1]

        Plaintiff,

v.                                                     1:20-CV-15 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

## DECISION AND ORDER

Plaintiff Paul E. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security (the "Commissioner") that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner moved for remand. Dkt. 10. Plaintiff replied. Dkt. 12.

For the reasons below, the Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.[2]

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

[2] While both parties moved for remand, they disagreed over whether a new hearing is warranted. *See* Dkt. 10-1 at 3-4; Dkt. 7. This Court orders a new hearing for the reasons explained below.

## PROCEDURAL HISTORY

On June 28, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB") alleging disability beginning on November 1, 2008. Tr. 135.[3] Plaintiff's application was initially denied by the Social Security Administration ("SSA") on August 12, 2016. Tr. 65. Plaintiff then filed a written request for a hearing on August 18, 2016, Tr. 77, which took place before an Administrative Law Judge ("ALJ") on October 25, 2018. Tr. 25-53. The ALJ issued a written decision to Plaintiff on December 26, 2018 denying his claim. Tr. 15-20. The Appeals Council denied Plaintiff's request for review on November 6, 2019. Tr. 1-6. Plaintiff then commenced this action. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

---

[3] All references to the administrative transcript (Dkt. 4) are denoted "Tr. ___." Page numbers for documents contained the transcript correspond to the pagination located in the lower right corner of each page.

2

Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II.   <u>Disability Determination</u>

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

3

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 404.1520(a)(4)(iv); (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his collective impairments. *See id.* §404.1545. After determining the claimant's RFC, the ALJ completes step four. *Id.* § 404.1520(e). If the claimant can perform past relevant work, he is not disabled and the analysis ends. *Id.* § 404.1520(f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 404.1520(a)(4)(iv); (f).

4

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 404.1520(a)(4)(v), (g); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

I. **The ALJ's decision**

The ALJ first found that Plaintiff met the Act's insured status requirements[4] as of December 31, 2012, the date last insured. Tr. 15, 17. The ALJ then proceeded through the sequential evaluation process discussed above.

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date, November 1, 2008; through the date last insured, December 31, 2012; hereinafter the "relevant period." Tr. 17. At step two, the ALJ determined Plaintiff had the medically determinable, non-severe impairment of "degenerative disc disease of the lumbar spine." *Id.* Absent a finding of any severe impairments at step two, the ALJ did not proceed

---

[4] "To be entitled to [DIB], claimants must demonstrate that they became disabled while they met the Act's insured status requirements." *Banyai v. Berryhill*, 767 F. App'x 176, 178 (2d Cir. 2019), as amended (Apr. 30, 2019) (citing 42 U.S.C. § 423(a)(1)(A),(c)(1).

5

through the remaining steps in the sequential evaluation. He concluded that Plaintiff was not under a disability during the relevant period. Tr. 20.

## II. Analysis

Plaintiff makes four arguments in support of his motion. Dkt. 7-1. First, he asserts that the ALJ's severity determination was error. *Id.* at 13. Second, Plaintiff argues that the ALJ improperly considered medical opinion evidence. *Id.* at 14. Third, Plaintiff contends the ALJ made improper inferences about the gap in his medical treatment. *Id.* at 19. Fourth, Plaintiff argues that the ALJ "failed to provide adequate reasons for the reduced weight afforded to Plaintiff's subjective symptomology." *Id.* at 21-22.

For the reasons set forth below, Plaintiff's second argument has merit and, as such, his motion is granted in part.

### A. The ALJ erred by ignoring opinion evidence in violation of the treating physician rule.

Plaintiff's claim was filed before March 27, 2017, and, as such, the ALJ was required to apply the treating physician rule. 20 C.F.R. § 404.1527; *see, e.g., Barco v. Comm'r of Soc. Sec.*, 330 F. Supp. 3d 913, 918 n.2 (W.D.N.Y. 2018). Under the rule, if a physician has engaged in the primary treatment of the plaintiff, "the SSA recognizes a treating physician rule of deference." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003))(internal quotation marks omitted). Generally, an ALJ determines that a treating physician's opinion is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

6

inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); *see Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (citing *Burgess*, 537 F.3d at 128); *Smith v. Berryhill*, 740 F. App'x 721, 724 (2d Cir. 2018) (holding that an ALJ "may set aside the opinion of a treating physician that is contradicted by the weight of other record evidence" or "is internally inconsistent or uninformative").

If the ALJ determines a treating physician's opinion is not entitled to controlling weight, then the ALJ must determine how much weight, if any, to give the opinion. *Estrella*, 925 F.3d at 95. In doing so, the ALJ must "explicitly consider" the nonexclusive *Burgess* factors: (1) the frequency, length, nature, and extent of treatment; (2) the nature and frequency of examination; (3) the amount of medical evidence supporting the opinion; (4) the consistency of the opinion with the remaining medical evidence; (5) whether the physician is a specialist; and (6) whatever other factors tend to support or contradict the opinion. *See Estrella*, 925 F.3d at 95-96 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)); *see also* 20 C.F.R. § 404.1527(c)(1)-(6) (statutory basis for factors assessing weight of treating physician's opinion). Failure to consider explicitly the "*Burgess* factors" is a procedural error. *Estrella*, 925 F.3d at 95-96.

In addition, the ALJ must provide "good reasons" for the decision regarding the weight given to a treating physician's opinion. *Id.* "At both steps [determining controlling weight and then weight generally], the ALJ must 'give good reasons in its notice of determination or decision for the weight it gives the treating

7

[physician]'s ... opinion.'" *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)); *see also* 20 C.F.R. § 404.1527(c)(2) (statutory basis specifying that the ALJ "will always give good reasons in [their] notice of determination or decision for the weight [they] give your treating [physician]'s medical opinion"). The Second Circuit has instructed that courts should not hesitate to remand when the ALJ does not comprehensively set forth "good reasons" for the weight assigned to a treating physician's opinion. *Halloran*, 362 F.3d at 33. But if "a searching review of the record" satisfies the court "that the substance of the treating physician rule was not traversed," the court shall affirm the ALJ's decision. *Estrella*, 925 F.3d at 96 (quoting *Halloran*, 362 F.3d at 32).

Here, the ALJ did not evaluate—or even acknowledge—the opinions of Plaintiff's treating physician Frederick McAdam, M.D. This was error warranting remand.[5]

Dr. McAdam completed two opinions[6] in May 2008 regarding Plaintiff's impairments and functional limitations. Tr. 269-70, 272. A medical opinion is a

---

[5] The Commissioner moved, in part, to remand for proper consideration of Dr. McAdam's opinion at Tr. 272. *See* Dkt. 10. Plaintiff made no objection. *See generally* Dkt. 7, Dkt. 12.

[6] Plaintiff in his initial motion refers to Dr. McAdam's report at Tr. 272 as a "note" that explains the restrictions Dr. McAdams indicated in his May 8, 2008 "opinion" at Tr. 269-70. Dkt. 7-1 at 8. In Plaintiff's reply, however, he refers to findings from Dr. McAdam's report at Tr. 272 within his argument for consideration of the May 8, 2008 report. Dkt. 12 at 1, 3. The Commissioner refers to the report at Tr. 272 as a "function-by-function opinion" by Dr. McAdam and does not mention the report at Tr. 269-70. Dkt. 10-1 at 3. Despite the lack of clarity in the parties' briefs regarding which of Dr. McAdam's reports the ALJ should consider, both meet the statutory definition of a medical opinion and will be treated accordingly.

statement from an acceptable medical source[7] that "reflect[s] judgments about the nature and severity of [the plaintiff's] impairment(s), including [] symptoms, diagnosis and prognosis, what [the plaintiff] can still do despite impairment(s), and [] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). He found that Plaintiff would be unable to return to his past work doing "heavy manual labor with lifting" as it would "likely aggravate his [back] pain." Tr. 269. He concluded that Plaintiff had a "mild partial disability of a temporary nature." *Id.* Dr. McAdam also found, however, that Plaintiff would be encumbered by "long term" restrictions. *Id.* He restricted Plaintiff to (1) lifting weights no greater than 15 pounds, (2) no repetitive bending, lifting, or twisting, and (3) "[n]o prolonged sitting greater than 40 minutes at a time." *Id.* He reiterated that these restrictions would be long term in duration. *Id.*

The ALJ's failure to evaluate or give an indication that he otherwise considered Dr. McAdam's May 2008 opinions was a violation of the treating physician rule. Without the benefit of an explanation of the ALJ's reasoning, this Court is unable to discern whether the error was harmless, and so remands for appropriate consideration of Dr. McAdam's opinions. *See Estrella*, 925 F.3d at 95-96 (The ALJ gave less than controlling weight to the treating physician's opinion,

---

[7] "'Acceptable medical sources' are . . . defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists." *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a) and SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2009)). The regulation at 20 C.F.R. § 416.913(a) is replicated at 20 C.F.R. § 404.1513(a) for DIB applicants.

without good reasons, the court was "unable to conclude that the error was harmless and consequently remand for the ALJ to comprehensively set forth [his] reasons.") (quoting *Halloran*, 362 F.3d at 33) (internal quotations omitted).

On remand, a new hearing is warranted so that the ALJ may include the limits found by Dr. McAdam's in his hypothetical questions to the vocational expert ("VE"). At the hearing on October 25, 2018, Tr. 49-53, the ALJ asked the VE to consider a hypothetical person with an RFC for sedentary[8] work with some physical limitations. Tr. 50. The ALJ did not include limitations for bending, lifting, and/or twisting. *Id.* The ALJ asked if such an employee's need for "flexibility to get up or get down when they need[ed] to" and to "change posture whenever needed" would impact the jobs available to them. Tr. 51. The VE responded that, while "sedentary [jobs] could only be really performed sitting," a break of that nature lasting seven minutes, equivalent to 14% of an hour, or less would be permitted by an employer. *Id.* The VE stated, however, that being off task 15% or more per hour, or taking unscheduled breaks, would not be permitted. *Id.* at 51, 52. In contrast, Dr. McAdam found Plaintiff unable to sit for "greater than 40 minutes at a time," Tr. 269. Plaintiff himself testified that he would be unable to work a sedentary job even one allowing him "more flexibility to sit or stand." Tr. 48. Rehearing is

---

[8] 20 C.F.R. § 404.1567(a) defines "sedentary work" as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

necessary so that the VE may address the vocational impact of Dr. McAdam's opined limitations.

Additionally on remand, the ALJ should reevaluate Plaintiff's 2018 medical records, Tr. 292-328, in the context of Dr. McAdam's opined "long term" limitations, Tr. 269, 272.

### B. The ALJ erred in assigning controlling weight to the single decision maker's RFC assessment.

Plaintiff argues that the ALJ erred in assigning controlling weight to an RFC assessment completed by a single decision maker ("SDM"). Dkt. 7-1 at 15. This Court agrees.

E. Tumpalova, SDM, completed a Disability Determination Explanation on August 12, 2016. Tr 55-60. The ALJ gave significant weight to this assessment, explaining that it provided "corroborative support for the findings and conclusion in this application and appeal." Tr. 20. According to an instruction issued on May 19, 2010 by the SSA's Chief ALJ, "RFC determinations by SDMs should not be afforded *any* evidentiary weight at the administrative hearing level." *Curtis v. Astrue,* No. 11-CV-786, 2012 WL 6098258, at *6 (N.D.N.Y. Oct. 30, 2012), *report and recommendation adopted*, No. 5:11-CV-0786, 2012 WL 6098256 (N.D.N.Y. Dec. 7, 2012)(emphasis added); *see also* POMS Instruction DI 24510.050C8. Subsequently, multiple courts have held that an ALJ's assignment of weight to an SDM's opinion is error. *See id.*; *see also Yorkus v. Astrue,* No. 10–2197, 2011 WL 7400189, at *5 (E.D. Pa. Feb. 28, 2011) (collecting cases); *Foxx v. Astrue,* No. 08–00403–KD–B, 2009 WL 2899048, at *7 (S.D. Ala., Sept. 3, 2009) ("[A] SDM is not a medical

11

professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion, or to consideration as evidence from other non-medical sources.") (quoting *Botton v. Astrue*, 07–CV–612, 2008 WL 2038513 (M.D. Fla., May 12, 2008)).

This Court has considered Plaintiff's other arguments and finds them to be without merit.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is **GRANTED** in part, and the Commissioner's motion for remand (Dkt. 10) is **DENIED** as moot. The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this opinion.

SO ORDERED.

Dated:   March 30, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE