UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL EBERLE,

       Plaintiff,

v.                                            20-CV-15 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

## INTRODUCTION

Plaintiff Paul Eberle moved for $39,594.75 in attorney's fees, pursuant to 42 U.S.C. § 406(b). Dkt. 18. The Commissioner responded but does not oppose the request. Dkt. 22. For the below reasons, the Court grants Plaintiff's motion.

## BACKGROUND

On June 28, 2016, Plaintiff applied for Social Security Disability benefits, alleging disability beginning November 1, 2008. Dkt. 18-1, at 1.[1] After the Commissioner denied Plaintiff's benefits, he appealed to this Court. *Id.* at 1–2.

On August 4, 2020, Plaintiff moved for judgment on the pleadings, and Defendant moved to remand the case on October 30, 2020. Dkt. 7, 10. The Court granted the motion for judgment on the pleadings in part—vacating the Commissioner's decision and remanding the matter for further administrative

_____
[1] The page numbers referenced refer to the CM/ECF pagination.

proceedings.[2] Dkt. 13. The Court also so-ordered the parties' stipulation for $5,626.88 in attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 15, 16.

On remand, the Administrative Law Judge ("ALJ") issued a decision in Plaintiff's favor and determined that he was entitled to $158,379 in past-due benefits. Dkt. 18-1, at 2; Dkt. 18-4.

On September 4, 2024, Plaintiff's counsel moved for fees pursuant to 42 U.S.C. § 406(b). Dkt. 18. His attorney seeks $39,594.75, which is the amount that the Commissioner withheld from Plaintiff's past-due benefits. Dkt. 18-2, ¶ 14; Dkt. 18-3, at 6. If counsel receives the requested $39,594.75, he will refund to Plaintiff the $5,626.88 he received in EAJA fees. *Id.* Defendant responded, neither supporting or opposing counsel's request for attorney's fees. Dkt. 22, at 1.

## DISCUSSION

### I. Timeliness of Plaintiff's Section 406(b) Motion

The Court first must determine if Plaintiff's Section 406(b) motion is timely.

Because Section 406(b) does not contain a time limitation for filing fee applications, Federal Rule of Civil Procedure 54(d)—along with any applicable local rule—governs. *See Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 452 (W.D.N.Y. 2018), *aff'd*, 932 F.3d 83 (2d Cir. 2019); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless a statute or court order provides otherwise, the motion [for attorney's fees] must . . .

---

[2] The Court also denied Defendant's motion for remand as moot. Dkt. 13.

be filed no later than 14 days after the entry of judgment . . . ."). But "an award of past-due benefits is a condition precedent to a Section 406 fee application," so "any motion filed within Rule 54(d)'s time limit would almost invariably be premature." *Sinkler*, 305 F. Supp. 3d at 452 (citation omitted); *see also Sinkler v. Berryhill*, 932 F.3d 83, 87 (2d Cir. 2019) (recognizing that "a practical problem arises with filing a motion within [the Rule 54(d)] time[,]" and that "Rule 54(d)(2)(B) may present a deadline that cannot be met within fourteen days of that judgment") (internal quotation marks and citation omitted).

As a result, equitable tolling principles apply to the Rule 54(d) timeframe "until a benefits calculation is made on remand and notice thereof received by the parties." *Sinkler*, 932 F.3d at 89. A plaintiff's Section 406(b) motion, therefore, is due fourteen days from when the parties receive notice of a benefits calculation by the Social Security Administration. *See id.*[3]

Plaintiff's Section 406(b) motion here is timely. The Commissioner issued the notice of award on August 18, 2024. Dkt. 18-3, at 3. Plaintiff filed the instant Section 406(b) motion on September 4, 2024, within the fourteen-day limitations period after tolling.[4] *See* Dkt. 18.

---

[3] This "fourteen-day limitations period is not absolute," and "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.*; *see also* Fed. R. Civ. P. 54(d)(2)(B). This district's local rule largely mirrors Rule 54(d), as interpreted by *Sinkler*, 932 F.3d 87 (2d Cir. 2019). *See* L.R. Civ. P. 5.4(g).

[4] Under Federal Rule of Civil Procedure 6(d), "[w]hen a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

3

## II.     Reasonableness of Plaintiff's Section 406(b) Fee Request

Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

Under the 25-percent limitation, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Courts review fee requests under Section 406(b) "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Fee agreements allowing an attorney to recover fees exceeding 25 percent of the claimant's past-due benefits are unenforceable. *Id.*

A court must determine whether the requested fees are reasonable. *See Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 295–96 (W.D.N.Y. 2019). When conducting a reasonable analysis, courts consider: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *See id.* at 296 (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). Also relevant are: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney was responsible for any

4

delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

After considering those factors here, the Court concludes that the requested fee is reasonable. First, the fee agreement between Plaintiff and his counsel provides that if Plaintiff receives Social Security benefits, "the attorney fee will be 1/4 (25 percent) of the past due benefits from [his] claim . . . ." Dkt. 18-5, at 1. Plaintiff received $158,379 in past-due benefits; therefore, the request for $39,594.75 in fees represents exactly 25% of past-due benefits awarded. *See* Dkt. 18-1, at 7.

Second, the Court is not aware of any evidence that this fee agreement resulted from fraud or overreaching. And Plaintiff received effective representation because he secured $158,379 in past due benefits, with his counsel's assistance. *See* Dkt. 18-1, at 8. In addition, Plaintiff's attorney only requested one extension in this case, and it does not appear that this delay caused any material harm, where a downward reduction in the fees requested is necessary. *See* Dkt. 18-1, at 10.

The remaining factors—counsel's normal hourly rate for noncontingent-fee cases and whether the award is a windfall—are related. In particular, counsel's "normal hourly billing charge for noncontingent-fee cases" can assist "the court's assessment of the reasonableness of the fee" requested. *Gisbrecht*, 535 U.S. at 808. Here, counsel recorded 27.3 hours litigating Plaintiff's case in this court. *See* Dkt.

5

18-6, at 2. Dividing the $39,594.75 requested fee by 27.3 hours results in a *de facto* hourly rate of $1,450.35.[5]

The *de facto* rate here is significantly higher than counsel's $400.00 hourly rate for noncontingent cases. *See* Dkt. 18-2, ¶ 19. Alone, this discrepancy may raise a red flag. But on balance, the requested fee is not a "windfall" to Plaintiff's counsel. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[C]ourts must consider more than the de facto hourly rate . . . . In other words, even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."). In making this determination, a court may consider the following factors: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship . . . including any representation at the agency level"; (3) "satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Here, Plaintiff's counsel is experienced. He has written over 400 legal memoranda regarding Social Security cases filed in the Northern and Western Districts of New York. Dkt. 18-2, ¶ 6. Additionally, he has appeared as lead counsel on over 300 district court cases and at least eight cases at the Second Circuit. *Id.* He has also handled hundreds of Social Security hearings at the administrative level, has spoken at Continuing Legal Education seminars on disability law, and is a Senior Attorney at his firm. *Id.* ¶¶ 6–7.

---

[5] This number is not rounded.

Plaintiff's counsel's expertise allowed him to operate efficiently, "accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *See Fields*, 24 F.4th at 854. He spent 27.3 hours on Plaintiff's case at the federal level. Dkt. 18-6, at 2. And in that time, he reviewed medical records and other exhibits, researched legal issues relevant to the case, and drafted a memorandum—arguing that the ALJ had committed legal errors requiring remand. *See* Dkt. 18-2, ¶ 16; *see also* Dkt. 7.

Next, Plaintiff's counsel invested significant time and effort to this case. The Law Offices of Kenneth Hiller, PLLC[6] took Plaintiff's case in May 2016 and represented Plaintiff at the hearing level, appealed his case, filed a claim in this Court, and, after winning a remand, represented Plaintiff at another hearing before the ALJ. Dkt. 18-1, at 9.

Third, there is nothing to suggest that Plaintiff is unsatisfied with the result, and he received an award of benefits due to him.

Lastly, according to the Second Circuit, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855. Most notably, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855–56 (citation omitted). Here, Plaintiff's claim did not succeed

---

[6] The Law Offices of Kenneth Hiller, PLLC is the predecessor to the Hiller Comerford firm. Dkt. 18-1, at 9.

7

immediately and not without effort, as Plaintiff lost at the agency level, and ultimately had to file a claim with this Court. Additionally, even after winning a remand at this district court level, Plaintiff still had to return to the agency for another hearing before the ALJ. *See* Dkt. 18-1, at 9.

Considering these factors, the fee requested is not a windfall. Plaintiff also agreed that his counsel would receive fees equal to 25 percent of past-due benefits awarded, and the requested fee is less than that amount. *See Wells*, 907 F.2d at 371 (courts "must recognize . . . that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment"). And the Commissioner also did not take the position that the requested fee constitutes a windfall. *See* Dkt. 22.

After considering all the relevant factors, the Court concludes that the requested fee is reasonable.

## CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's motion for attorney's fees (Dkt. 18). The Commissioner shall release to Plaintiff's counsel $39,594.75 of the funds withheld from Plaintiff's benefits award. Upon receipt of the Section 406(b) fee, Plaintiff's counsel shall refund Plaintiff the $5,626.88—the amount previously awarded as EAJA fees.

SO ORDERED.

DATED:   February 26, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE